## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | | |
|---|---|---|
| First Chatham Bank | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C/A No.: 2:11-CV-238-PMD |
| | ) | |
| Christopher T. Landers | ) | **ORDER** |
| and Michael D. Lang | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

On January 28, 2011, First Chatham Bank ("Plaintiff" or "FCB") filed a complaint, commencing the present action against Christopher T. Landers ("Landers") and Michael D. Lang ("Lang") (collectively referred to as "Defendants"). Plaintiff alleges that Defendants were each loaned money and have failed to comply with the terms and conditions of a promissory note they signed. Specifically, FCB alleges that Defendants have not satisfied their promise to pay the loans.

Landers and Lang each filed an answer denying FCB's allegations and asserting affirmative defenses on February 28, 2011. The court issued a Conference and Scheduling Order on March 1, 2011. On March 10, 2011 the parties filed their Rule 26(f) Report and Local Rule 26.03 Disclosures. Also on March 10, 2011, Plaintiff served Defendants with discovery requests. Defendants served Plaintiff with their first discovery requests on March 25, 2011. The parties have not responded to the other's discovery requests at this time.

Between Plaintiff serving Defendants with discovery requests and Defendants serving Plaintiff with discovery requests, Plaintiff filed a Motion for Summary Judgment. Plaintiff's Motion for Summary Judgment was filed on March 14, 2011, less than two months after this

1

action commenced. In response, Defendants filed Motion for a Deferral of the Court's Review of Plaintiff's Motion for Summary Judgment. Plaintiff has responded to Defendant's Motion.

## Analysis

Defendants' Motion for a Deferral of the Court's Review of Plaintiff's Motion for Summary Judgment is made pursuant to Fed. R. Civ. P. 56(d). That rule provides that if a nonmovant to a motion for summary judgment "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." *Id.*[1] Generally speaking, "summary judgment [must] be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n. 5 (1986). A party seeking to delay summary judgment until more discovery may be completed must support the Rule 56(d) motion by "specifying which aspects of discovery required more time to complete." *Nguyen v. CNA Corp*. 44 F.3d 234, 242 (4th Cir.1995). This should be done through an affidavit by counsel. *Id.* (stating that "[a] party may not simply assert in its brief that discovery was necessary and thereby overturn summary judgment when it failed to comply with the requirement of Rule 56(f) to set out reasons for the need for discovery in an affidavit," quoting *Hayes v. North State Law Enforcement Officers Ass'n*, 10 F.3d 207, 215 (4th Cir. 1993) (additional citations omitted)).

In this case, Defense counsel attached an affidavit to the motion. In his affidavit, counsel asserts that because Plaintiff and Defendants have served discovery on each other and both

---

[1] Effective December 1, 2010, the Fed. R. Civ. P. were amended. Prior to that time Fed. R. Civ. P. 56(f) addressed the delay of summary judgment due to insufficient discovery. Although that rule was slightly different, "[s]ubdivision (d) carries forward without substantial change the provisions of former subdivision (f)." Advisory Committee Notes on Fed. R. Civ. P. 56.

2

parties have not responded, additional time is needed to conduct discovery before they can properly respond to Plaintiff's Motion for Summary Judgment. Aff. of Lindsey W. Cooper, Jr., ¶ 5-8. In addition to Defense counsel's affidavit asserting that more time is needed to conduct discovery, Plaintiff has recently filed a Motion to Compel responses to the discovery they served on Defendant Lang. This Motion to Compel illustrates that even Plaintiff needs additional information regarding one of the loans that is the subject of this lawsuit. For example, Plaintiff requests Defendants produce "all documents in your possession relative to the loan that is the subject of this lawsuit" and "[a]ll notes, memoranda, notes to files or email correspondence concerning the loan which is the subject of this lawsuit." Pl.'s Mot. Compel., Ex. A.

Plaintiff argues that the court should deny Defendant's Motion for a Deferral of the Court's Review of Plaintiff's Motion for Summary Judgment because any discovery is unnecessary, because this case only involves two loans, the parties already have the loan documents, Defendants do not argue the documents are unclear, and under South Carolina law the language of the contract alone determines the contract's force and effect when the language is clear. Therefore, according to Plaintiff, any discovery would not be "reasonably calculated to lead to the discovery of admissible evidence" as required by Fed. R. Civ. P. 26(b)(1).

Plaintiff's argument ignores that Defendants have both asserted equitable defenses, Plaintiff's negligence as a defense, and Plaintiff's lack of due diligence as a defense. Defendants are entitled to obtain discovery regarding these defenses, because "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Additionally, as required by Fed. R. Civ. P. 56(d), Defense counsel filed an affidavit specifically identifying the discovery necessary in order to respond to

Plaintiff's Motion for Summary Judgment; Defense counsel specifically identified Plaintiff's first discovery request and Defendant's first discovery as necessary.

Given that Defense counsel's affidavit specifically identifies this first round of discovery as necessary in order to respond to Plaintiff's Motion for Summary Judgment and Plaintiff has made a motion to compel that discovery from Defendant Lang, Defendant's Motion for a Deferral of the Court's Review of Plaintiff's Motion for Summary Judgment is granted. Plaintiff's Motion for Summary Judgment will be held in abeyance until Defendants respond to, Plaintiff's March 10, 2011 discovery request and Plaintiff responds to Defendants' March 25 discovery request. Defendant will have thirty (30) days from the exchange of that discovery in order to respond to Plaintiff's Motion for Summary Judgment.

## Conclusion

Defendant's Motion for a Deferral of the Court's Review of Plaintiff's Motion for Summary Judgment is **Granted**.

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**May 3, 2011**
**Charleston, SC**