# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | | |
|---|---|---|
| First Chatham Bank ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | C/A No.: 2:11-CV-238-PMD | |
| ) | | |
| Christopher T. Landers ) | **ORDER** | |
| and Michael D. Lang ) | | |
| ) | | |
| Defendants. ) | | |
| _____) | | |

This matter is before the court upon First Chatham Bank's ("Plaintiff" or "FCB") motion for attorney's fees and costs as to Christopher T. Landers ("Defendant" or "Landers").[1] Defendant did not file a response to Plaintiff's motion for attorney's fees and costs.

## BACKGROUND

Plaintiff sued Landers alleging that it loaned him money, and he failed to satisfy his promise to pay the promissory note. On September 29, 2011, the court entered an order granting summary judgment in favor of FCB. In that order, the court held that FCB was entitled to a judgment for the amount of the note, interest, and attorney's fees.

FCB claims that its lawyers and paralegals worked the following hours throughout the case and proposes the following fee schedule:

| | | | | |
|---|---|---|---|---|
| (1) | Attorney Morgan Templeton: | 35.3 hours | $250.00/hr | $8,825.00 |
| (2) | Attorney Taylor Stair: | 18.1 hours | $175.00/hr | $3167.50 |
| (3) | Paralegal Sarah Jane Mock: | 6.7 hours | $125.00/hr | $837.50 |
| (4) | Paralegal Christie Gilbert: | .4 hour | $125.00/hr | $50.00 |

 Total: $12,880.00

---

[1] This Court ordered a stay as to Defendant Michael D. Lang ("Lang") after he filed for bankruptcy. *See* Order of Abstention as to Defendant Lang, Sep. 13, 2011.

Plaintiff proposes dividing the total amount listed above in half, because that work is attributable to both Landers and Lang. After dividing $12,880.00 in half, Plaintiff attributes $6,440.00 to Landers. Additionally, Plaintiff asserts that four (4) hours were spent preparing this motion, amounting to $1,000.00 of additional attorney's fees. Finally, Plaintiff asserts that supplemental proceedings are anticipated to be necessary in order to collect upon the judgment. Plaintiff estimates that those supplemental proceedings will require at least ten (10) hours of work, amounting to $2,500.00 of additional attorney's fees.

In addition to attorney's fees, Plaintiff seeks recovery of $349.84 in costs. FCB arrives at this number by splitting the costs attributable to both defendants in half—$350.00 filing fee and $169.68 Westlaw/copy costs—and adding a $90.00 service of process fee that was only attributable to Landers.

## ANALYSIS

"The general rule is that attorney's fees are not recoverable unless authorized by contract or statute." *Blumberg v. Nealco, Inc.*, 427 S.E.2d 659, 660 (S.C. 1993) (citations omitted). In this case, attorney's fees are authorized by contract—the promissory note executed on June 1, 2009 provided that Landers would pay reasonable attorney's fees and costs if FCB was forced to use legal proceedings to enforce the note. The contract provides that the fees cannot exceed fifteen (15) percent of the principal and interest owed at the time FCB institutes legal proceedings to enforce the note. In this case, the fees and costs that FCB seeks are well below that limitation. Therefore, the only issue remaining is whether the fees and costs FCB seeks are reasonable.

"When a contract exists, the award of attorney's fees is left to the discretion of the trial judge and will not be disturbed unless an abuse of discretion is shown." *American Federal Bank, FSB v. Number One Main Joint Venture*, 467 S.E.2d 439 (S.C. 1996) (citing *Smith v. Smith*, 216

S.E.2d 541 (1975)). South Carolina courts generally consider six factors to determine the reasonableness of an award of attorney's fees:

> 1) [the] nature, extent, and difficulty of the legal services rendered; 2) [the] time and labor devoted to the case; 3) [the] professional standing of counsel; 4) [the] contingency of compensation; 5) [the] fee customarily charged in the locality for similar services; and 6) [the] beneficial results obtained.

*Blumberg*, 427 S.E.2d at 660 (citing *Collins v. Collins*, 122 S.E.2d 1 (1961)). This case involved moderately difficult legal issues; counsel devoted an appropriate amount of time and labor to the litigation; counsel is in good professional standing; FCB paid counsel hourly, so this was not a contingency fee case; the attorney's fees requested by counsel are commensurate with the fees customarily charged in Charleston, South Carolina for similar services; and counsel achieved a favorable result.

After considering the applicable factors, the Court finds that Plaintiff's amount of attorney's fees and costs related to the underlying litigation and this motion are reasonable. However, the court declines to award the $2,500 of attorney's fees that Plaintiff estimates will occur, because those fees will only be known after the anticipated proceedings take place. At that time, Plaintiff may file a supplemental motion for attorney's fees.

## CONCLUSION

Based on the foregoing, the court **ORDERS** that Plaintiff's motion for attorney's fees and costs be **GRANTED** in the amount of $7440.00 in attorney's fees and $349.84 in costs.

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**November 3, 2011**
**Charleston, SC**